# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL CIHA,**
on behalf of himself and
all others similarly situated,

    Plaintiff,

**Case No. 21-cv-1405**

v.

**MASTERS GALLERY FOODS, INCORPORATED,**

    Defendant.

## ORDER GRANTING JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Having reviewed the parties' Stipulation, ECF No. 24, Joint Motion for Preliminary Approval of Class and Collective Action Settlement, ECF No. 25, the documents filed in support thereof, and the record as a whole,

**IT IS HEREBY ORDERED THAT**:

1. The parties' Settlement Agreement, (ECF No. 24-1), is **PRELIMINARILY APPROVED** as fair, reasonable, and an adequate resolution of a *bona fide* dispute under the Fair Labor Standards Act of 1938, as amended ("FLSA"), and Wisconsin's Wage Payment and Collections Laws ("WWPCL").

2. Certification is **GRANTED**, for settlement purposes only, of the FLSA Collective pursuant to 29 U.S.C. § 216(b) defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant since December 12, 2019, who engaged in pre-shift and post-shift clothes changing activities at Defendant's facilities as identified in Exhibit A to the Agreement and who file an Opt-In Consent Form within thirty (30) days following service of the Notice Packet.

3. Certification is **GRANTED**, for settlement purposes only, of the WWPCL Class pursuant to Fed. R. Civ. P. 23 and defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant since December 12, 2019, who engaged in pre-shift and post-shift clothes changing activities at Defendant's facilities as identified in Exhibit A to the Agreement and who do not submit a request for exclusion within thirty (30) days following service of the Notice Packet.

4. Named Plaintiff Daniel Ciha is hereby **APPOINTED** as the Class Representative.

5. The law firm of Walcheske & Luzi, LLC is hereby **APPOINTED** as Class Counsel for the certified Fed. R. Civ. P. 23 class.

6. The parties' Notice of Class and Collective Action Settlement as attached to the parties' Settlement Agreement as Exhibit B (the "Notice") is **APPROVED** and constitutes the best notice practicable under the circumstances, including individual notice to all putative Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to putative Settlement Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

7. The parties' Settlement Administrator, Rust Consulting, Inc., is **AUTHORIZED** to mail the Notice to all putative Settlement Class Members in a form substantially similar to Exhibit B to the parties' Settlement Agreement.

8. Each WWPCL Class member who wishes to object to or request exclusion from the Settlement Agreement must do so within thirty (30) days following service of the Notice and per the instructions set forth in the Notice. The Court will not consider objections or requests for exclusions of any WWPCL Class member who does not comply with the instructions set forth in the Notice.

9. Any WWPCL Class member who has not properly and timely requested exclusion shall be bound in the event the Court issues a final order approving the Settlement Agreement.

10. Each FLSA Collective member who wishes to opt-in to the FLSA Collective must do so within thirty (30) days following service of the Notice and per the instructions set forth in the Notice.

11. The Court will conduct a Fairness Hearing on **October 30, 2023, at 9:30 A.M.** to determine whether to certify the WWPCL Class and whether to approve the parties' Settlement Agreement as fair, reasonable, and adequate as to the WWPCL Class

and FLSA Collective.

**SO ORDERED** this 22nd day of August, 2023.

_____
STEPHEN C. DRIES
United States Magistrate Judge