UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DANIEL CIHA,
on behalf of himself and all
others similarly situated,

       Plaintiff,

v.

MASTERS GALLERY FOODS, INCORPORATED,

       Defendant.

Case No. 21-cv-1405

## JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

Plaintiff Daniel Ciha, on behalf of himself and all others similarly situated, and Defendant Masters Gallery Foods, Incorporated, jointly move this Court for final settlement approval in this matter in accordance with the parties' Settlement Agreement & Release, ECF No. 26, as preliminarily approved by this Court on August 22, 2023. (ECF No. 28.)

### PROCEDURAL POSTURE

On August 10, 2023, Plaintiff filed the parties' Settlement Agreement with the Court. (ECF No. 26.) On August 22, 2023, this Court preliminarily approved the parties' Settlement Agreement. (ECF No. 28.)

On September 6, 2023, the parties' third-party administrator, Rust Consulting, Inc. ("Rust Consulting") mailed the Court-approved Notice of Class and Collective Action Settlement to 1,697 putative Settlement Class Members via first class U.S. mail. (Declaration of Abigail Schwartz for Rust Consulting, Inc. ("Schwartz Decl."), ¶ 11.) Of the 1,697 Notices that were mailed, 62 were

remailed after obtaining more current addresses either via batch traces or from the Post Office with forwarding addresses. (*Id.* at ¶¶ 12-13.) Despite the administrator's best efforts, of the 1,697 Notices that were mailed, 17 remained undeliverable. (*Id.* at ¶ 12.)

In accordance with the parties' Settlement Agreement, all Consent to Join Forms, requests for exclusion, and objections had to be postmarked no later than thirty (30) days after the notice mailing, or by October 6, 2023, in order to be valid. (*Id.* at ¶ 11; ECF No. 26, ¶¶ 1.1, 1.2, 1.13, 2.2(C)-(D).)

As of October 6, 2023, 312 individuals timely returned Consent to Join Forms, which were filed with the Court,[1] (ECF No. 29), only seven (7) requests for exclusion were received, which were also filed with the Court, (ECF No. 30), and no objections or disputes were received. (Schwartz Decl., ¶¶ 15-17.)

All Settlement Class members who opted into the FLSA Collective Class as noted above and who did not otherwise properly exclude themselves will receive their respective settlement amounts. (*See* ECF No. 26, ¶ 3.4(A)-(B).)

Given the considerations above, counsel for the parties believe that the terms and conditions embodied in the parties' Settlement Agreement are fair, reasonable, and adequate.

## **REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

Within fourteen (14) days after Final Judgment is entered, Rust Consulting will calculate the total amount Defendant is required to pay, including the amounts due to Settlement Class Members, Named Plaintiff for his Service Award, and Plaintiff's counsel for attorneys' fees and costs. (*Id.* at ¶ 2.3.) Within fourteen (14) days of providing its calculations, Defendant will transfer

---

[1] 313 including Plaintiff. (*See* ECF No. 1-3.)

the required amount into a qualified settlement fund established by Rust Consulting, (*id.*), which it will distribute within fourteen (14) days thereafter. (*Id.*)

Settlement Checks shall expire upon the Settlement Check Void Date, which is 120 days after issuance. (*Id.* at ¶ 2.4.) After the Settlement Check Void Date, Rust Consulting will issue a stop payment order on all uncashed and returned checks. (*Id.*) In the event that, prior to then, counsel for the parties or Rust Consulting becomes aware that a Settlement Class Member did not receive a Settlement Check or if a Settlement Class Member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check, Rust Consulting, Inc. will issue a stop payment order on the original check and issue a new check. (*Id.*)

Any portion of the Net Settlement Fund that is unclaimed by Settlement Class Members by virtue of not cashing Settlement Checks by the Settlement Check Void Date, or that otherwise remains in the qualified settlement fund after the final accounting of Settlement Checks will revert to Defendant. (*Id.* at ¶ 3.1(B).)

## ARGUMENT

### I. FINAL SETTLEMENT APPROVAL STANDARD

A Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved *bona fide* disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability and damages with respect to the alleged facts or causes of action asserted by Plaintiff. (*See* Declaration of James A. Walcheske in Support of Motions ("Walcheske Decl."), ¶¶ 18-19.) Despite those disputes, the parties agreed it was in their best interests to pursue resolution and, as such, engaged in extensive data analysis and calculation, and engaged in informal, arm's-length and good-faith settlement discussions and negotiations, the fruits of which are embodied in their Settlement Agreement. (*See id.* at ¶¶ 15, 20.)

The amount recoverable by the Settlement Class represents a significant result. The Gross Fund agreed to by Defendant through the parties' Settlement Agreement totals $785,823.90. (ECF No. 26, ¶¶ 1.9, 3.1(A).) This was based on an assumed, agreed-upon number of unpaid minutes each workday (and each workweek) at a weighted average hourly rate, with the assumption that

all putative Settlement Class Members worked five (5) days per workweek, forty-six (46) workweeks per year during the statutory period. (Walcheske Decl., ¶ 21.)

The Net Fund payable to all participating Settlement Class members ($508,477.26) is approximately sixty-five percent (65%) of the Gross Settlement Amount and, as such, represents approximately sixty-five percent (65%) of the total amount the Settlement Class could hypothetically recover if every member worked five (5) days each workweek, forty-six (46) workweeks per year, and was successful on their individual claims against Defendant. (*Id*.)

The Net Settlement Fund is a combination of the amounts allocated to the WWPCL Class and the FLSA Collective. To be representative of each individual's potential wages allegedly owed, each putative Settlement Class Member is allocated a pro rata share of the Net Settlement Fund depending on his or her number of workweeks worked (under the assumption that the more workweeks worked, the greater amount an individual is allegedly owed), as divisible by the total number of workweeks worked by all putative Settlement Class Members. (*Id.* at ¶ 22; *see also* ECF No. 26, Ex. A.)

The amount allocated to the FLSA Collective is reflective of the amounts allocated to the WWPCL Class, such that a WWPCL Class Member who opts into the FLSA Collective receives twice the recovery under the settlement. (Walcheske Decl., ¶ 23; *see also* ECF No. 26, Ex. A.) This is in recognition of the additional year of recovery and liquidated damages available pursuant to the FLSA that are not otherwise available pursuant to the WWPCL. (Walcheske Decl., ¶ 12.)

Given that each and every WWPCL Class Member stands to recover an amount representative of their actual alleged damages, the parties believe that such amounts constitute and reasonable and adequate recovery. (*Id.* at ¶ 24.)

Further, the Settlement Agreement was structured such that Settlement Class members were not required to take any action whatsoever in order to recover monies through the parties' settlement. (ECF No. 26, Ex. B.)

Under these circumstances, the parties believe their Agreement to be fair, reasonable, and adequate. (Walcheske Decl., ¶ 24.) Further, and as indicated, no objections were received from any Settlement Class Member in response to the parties' settlement, (Schwartz Decl., ¶ 17), and only 7 out of 1,697 putative Settlement Class Members requested exclusion. (*Id.* at ¶ 16; ECF No. 30.)

## **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court:

1. Grant final approval of the Settlement Agreement, and find that its terms are fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), and represent a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

2. Declare the Agreement to be binding on Plaintiff, Defendant, and all Settlement Class Members;

3. Authorize payments to Plaintiff, his counsel, and all Settlement Class Members;

4. Grant Plaintiff's Unopposed Motion for Approval of Service Award and approve Plaintiff's Service Award in the amount of $15,000.00;

5. Grant Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs and approve counsel's requested award of attorneys' fees and costs in the total amount of $262,346.64;

6. Order that Plaintiff's released claims and the respective released claims of all Settlement Class Members are dismissed with prejudice;

7. Order that the FLSA claims of all Settlement Class Members who did not timely return their Consent to Join Forms are dismissed without prejudice;

8. Order that the Wisconsin state law claims of any putative Settlement Class Member who properly and timely excluded themselves in accordance with the procedures in the Settlement Agreement are dismissed without prejudice; and

9. Order that this matter is dismissed on the merits, with prejudice, and without further costs to the Parties.

Dated this 23rd day of October, 2023

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com

*Attorneys for Plaintiff*

s/ *Keith E. Kopplin*
Keith E. Kopplin, State Bar No. 1044861


OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
1243 N. 10th Street, Suite 200
Milwaukee, Wisconsin 53205
Telephone: (414) 239-6406
Email: keith.kopplin@ogletree.com


*Attorneys for Defendant*